STEVIE L. TURNER, Administrator of the Estate of Edna Branch Turner, STEVIE L. TURNER, Administrator of the Estate of STEVIE LARUE TURNER, JR., STEVIE L. TURNER, Individually and as Guardian Ad Litem for SHERROD A. TURNER, STEVIE L. TURNER, Administrator of the Estate of REDELL NELSON TURNER, Plaintiff v. NORFOLK SOUTHERN CORPORATION NORFOLK SOUTHERN RAILWAY CO., R.C. CHURCHILL, III, J. WILBERT FORBES, MARK BAUMAN, GLENN MAURER, TOMMY D. QUEEN, B.L. SYKES, L.E. WETSEL, JR., and SERRMI SERVICES, INC., Defendants

No. COA99-399

(Filed 21 March 2000)

**Appeal and Error— appealability—interlocutory order**

Plaintiff's appeal from an interlocutory order in a negligence action arising out of a collision between an automobile driven by plaintiff's wife and an Amtrak train at a railroad crossing in Durham County is dismissed and remanded to the trial court for further proceedings because: (1) although the trial court granted defendants' motion to dismiss the contract claim, the pending tort claim remains; (2) defendant Serrmi Services, Inc., was not named in the trial court's grant of partial summary judgment and remains a party to the suit; (3) the trial court did not certify plaintiff's appeal pursuant to Rule 54(b), nor did plaintiff assign error to the trial court's failure to do so; and (4) a substantial right is not affected.

Appeal by plaintiff from orders entered 4 December 1998 and 18 December 1998 and filed 21 December 1998 by Judge Donald W. Stephens in Durham County Superior Court. Heard in the Court of Appeals 10 January 2000.

*Randall, Jervis & Hill, by John C. Randall, William L. Thorp, and E.C. Harris, for plaintiff-appellant.*

*Millberg & Gordon, P.L.L.C., by John C. Millberg and Frank J. Gordon; Michaux & Michaux, P.A., by Eric Michaux; and Smith Helms Mulliss & Moore, L.L.P., by James G. Exum, Jr. and Matthew W. Sawchak, for defendants-appellees Norfolk Southern.*

WALKER, Judge.

Plaintiff filed this action on 3 May 1994 alleging defendants' negligence arising out of a collision between an automobile driven by the plaintiff's wife, Edna Turner, and an Amtrak train at the Hopson Road

TURNER v. NORFOLK S. CORP.

[137 N.C. App. 138 (2000)]

railroad crossing in Durham County. Mrs. Turner and two of their children were killed, and a third child was seriously injured. Plaintiff is the administrator of the estates of his wife and two children and guardian ad litem of the injured child. The railroad in question is operated by defendant Norfolk Southern (Norfolk). Defendant Serrmi Services, Inc. was retained by the other defendants to perform the engineering and design work and carry out the construction plans for the automatic warning devices to be installed at the Hopson Road crossing.

Plaintiff claims defendants are negligent under two theories: (1) the defendants breached a common law duty to provide adequate warning devices at the Hopson Road crossing ("tort claim") and (2) the defendants negligently performed a contract between Norfolk and the North Carolina Department of Transportation (DOT) to design and erect automatic warning devices within a reasonable time at the Hopson Road crossing after receiving authorization from DOT to do so ("contract claim").

On 2 November 1998, all defendants, except Serrmi Services, Inc., moved for dismissal pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and for summary judgment and partial summary judgment pursuant to Rule 56. Defendants claimed, in part, that Title 23 U.S.C.A. § 409 (West 1999) ("Section 409") barred the introduction into evidence of the contract between DOT and Norfolk as well as certain documents which had been produced by defendants in discovery regarding defendants' performance of the contract, thus requiring dismissal of plaintiff's claims.

Title 23 U.S.C.A. § 409 states:

Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying[,] evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.

23 U.S.C.A. § 409 (West 1999).

On 4 December 1998, the trial court granted defendants' motion for summary judgment as to plaintiff's contract claim based on a failure to comply with the contract between DOT and Norfolk and denied defendant's motion as to plaintiff's tort claim. The trial court's order stated in pertinent part:

When federal funds <u>participate</u> in <u>installation</u>, federal preemption is triggered. If federally funded safety devices are planned but not installed prior to the accident in question, then the railroad's liability will be determined solely on the basis of a breach, if any, of that common law duty, as if no planning had ever occurred. 23 U.S.C. § 409 prohibits any evidence to be offered in trial of that common law cause of action regarding any recommendation, plan, agreement or scheduling of such safety devices under the federal program.

(Emphasis in original).

The trial court's order concluded that:

[T]he motions for partial summary judgment filed by defendants are denied in part and granted in part; that summary judgment is granted against plaintiffs on their claims based on an alleged breach of duty created by contract; that plaintiff's common law tort claim survives summary judgment to the extent it is not based on and does not involve evidence of any recommendation, plan, agreement, or scheduling of the federally funded signal project for the Hopson Road crossing; that any such evidence is not competent or admissible on the issue of the alleged breach of a common law duty; and that such issue shall be tried as if there had never been any planned or recommended upgrades.

On 14 December 1998, plaintiff moved, pursuant to Rules 52(b) and 59 (4), (7), and (8) of the North Carolina Rules of Civil Procedure, to amend the order and for a new hearing, both of which were denied on 18 December 1998. The trial court's order denying plaintiff's motions stated:

The Court, having considered the Plaintiff's motion to amend its prior judgment, hereby denies that motion in its entirety. The prior order of this Court remains in full force and effect. *However, nothing in that prior order shall deny to the trial judge the right to rule on matters of evidence which that judge*

*considers competent, relevant and admissible on the remaining
issues to be resolved by a jury in this case.*

(Emphasis added).

We first consider whether plaintiff's appeal is properly before this Court. *Bailey v. Gooding,* 301 N.C. 205, 270 S.E.2d 431 (1980). There is generally no right to appeal an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page,* 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). The rule against interlocutory appeals seeks to prevent fragmentary, premature and unnecessary appeals by allowing the trial court to bring a case to final judgment before its presentation to the appellate courts. *Waters v. Personnel, Inc.,* 294 N.C. 200, 240 S.E.2d 338 (1978).

There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *Bartlett v. Jacobs,* 124 N.C. App. 521, 524, 477 S.E.2d 693, 395 (1996), *disc. review denied,* 345 N.C. 340, 483 S.E.2d 161 (1997) (citations omitted); *Anderson v. Atlantic Casualty Ins. Co.,* 134 N.C. App. 724, 518 S.E.2d 786 (1999); N.C. Gen. Stat. § 1-277 (1999); N.C. Gen. Stat. § 7A-27 (1999). Thus, we must determine whether the orders granting summary judgment to defendants and denying the amendment of the order were final or, in the alternative, whether a substantial right of the plaintiff will be affected absent immediate appellate review.

"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham,* 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *rehearing denied,* 232 N.C. 744, 59 S.E.2d 429 (1950).

When the trial court granted defendants' motion to dismiss the contract claim, the pending tort claim was not disposed of and the appeal is therefore interlocutory. *See Liggett Group v. Sunas,* 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993) ("A grant of partial sum-

mary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal"). Furthermore, defendant Serrmi Services, Inc. was not named in the trial court's grant of partial summary judgment and remains a party to the suit. *See Jarrell v. Coastal Emergency Services of the Carolinas,* 121 N.C. App. 198, 199, 464 S.E.2d 720, 722 (1995) ("Orders which do not dispose of the action as to all parties are interlocutory"). Additionally, a review of the record reveals the trial court did not certify plaintiff's appeal pursuant to Rule 54(b) nor did the plaintiff assign as error the trial court's failure to do so.

Next, we determine whether a substantial right would be affected. A substantial right is "one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder v. Dept. of Human Resources,* 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983). The right to immediate appeal is "reserved for those cases in which the normal course of procedure is inadequate to protect the substantial right affected by the order sought to be appealed." *Id.,* 299 S.E.2d at 780-81. Our courts have generally taken a restrictive view of the substantial right exception. *Id.* at 334, 299 S.E.2d at 780. The burden is on the appealing party to establish that a substantial right will be affected. *Jeffreys,* 115 N.C. App. at 380, 444 S.E.2d at 254.

The avoidance of one trial is not ordinarily a substantial right. *Green v. Duke Power Co.,* 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). However, the right to avoid the possibility of two trials on the same issues can be a substantial right. *Id.* "Ordinarily the possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *Id.*

Plaintiff contends that separate trials on the tort claim and on the contract claim would involve the same issues and require him to produce the same evidence for each trial. Further, the two theories involve negligence which are "logical manifestations of the overall umbrella of negligence and denial of any responsibility for grade crossing safety by Norfolk Southern's executives and management." Additionally, plaintiff contends that separate trials on these two theories could result in inconsistent verdicts on factual issues and other issues such that substantial rights will be affected should we dismiss his appeal.

**TURNER v. NORFOLK S. CORP.**

[137 N.C. App. 138 (2000)]

Plaintiff's tort claim is predicated on the railroad's "duty to give reasonable and timely warning of the approach of a train to the crossing." *Caldwell v. R.R.*, 218 N.C. 63, 69, 10 S.E.2d 680, 683 (1940). To establish such a claim, the plaintiff must show that the crossing in question is "peculiarly and unusually hazardous to those who have a right to traverse it." *Id.*; *see also Robinson v. Seaboard System Railroad, Inc.*, 87 N.C. App. 512, 520, 361 S.E.2d 909, 915 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988).

In contrast, plaintiff's contract claim centers on the performances due on a contract between Norfolk and DOT. Plaintiff's claim focuses on the defendants' failure to act, and thus the defendants' breach of a contractual duty. The issues to be addressed in this claim would include plaintiff's status as a third party beneficiary to the contract, the duties imposed on defendants by the contract, and whether Norfolk was negligent in its performance of the contract between itself and the DOT. *See Matternes v. City of Winston-Salem*, 286 N.C. 1, 11-12, 209 S.E.2d 481, 486-87 (1974). Such issues are separate and distinct from those to be addressed in plaintiff's tort claim.

Plaintiff also argues that the trial court's 4 December 1998 order granting partial summary judgment effectively precludes plaintiff from proceeding with his tort claim. Specifically, the Section 409 documents produced by the defendants and excluded from evidence by the trial court's 4 December 1998 order were vital to establishing defendants' liability. We disagree.

The trial court's 18 December 1998 order denying plaintiff's motion to amend the 4 December 1998 order specifically states that "nothing in [the 4 December 1998] order shall deny to the trial judge the right to rule on matters of evidence which that judge considers competent, relevant, and admissible on the remaining issues to be resolved by a jury in this case." Thus, the applicability of Section 409 to plaintiff's tort claim and the admissibility of the documents in question remain to be decided by the trial court. Accordingly, no substantial right of the plaintiff has been affected.

In summary, plaintiff fails to establish, and we do not discern, a substantial right which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy. For these reasons, the appeal is dismissed and remanded to the trial court for further proceedings.

Dismissed.

Chief Judge EAGLES and Judge WYNN concur.