BARFIELD v. N.C. DEP'T. OF CRIME CONTROL & PUB. SAFETY

[202 N.C. App. 114 (2010)]

RICHARD WAYNE BARFIELD, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, Defendant

No. COA09-549

(Filed 19 January 2010)

**1. Collateral Estoppel and Res Judicata— collateral estoppel— not raised in pleadings—asserted at summary judgment**

In a case involving alleged excessive force by a highway patrolman which began in federal court but was reversed for lack of jurisdiction, defendant raised a claim of collateral estoppel in the Industrial Commission by arguing it in his motion for summary judgment and at the summary judgment hearing, even though it was not raised in defendant's pleadings.

**2. Appeal and Error— collateral estoppel—substantial right—argument not made**

An appeal from summary judgment in the Industrial Commission on collateral estoppel was dismissed as from an interlocutory order where defendant did not make a legal or factual argument that a substantial right would be affected if the merits were not reached before final judgment.

**3. Appeal and Error— interlocutory order—based on statute of limitations rather than immunity**

An appeal was from an interlocutory order where it involved an action resulting from a highway patrol trooper's alleged use of excessive force that was grounded in the statute of limitations and not immunity, as defendant contended. The Legislature passed a Session Law concerning waiver of the State's immunity in such cases; but defendant's argument here is that the officer was not acting within the scope of his employment, so that plaintiff's claim was not within the Session Law and was barred by the statute of limitations.

Appeal by defendant from order entered 8 January 2009 by the North Carolina Industrial Commission. Heard in the Court of Appeals 28 October 2009.

*James Michael Gay for plaintiff-appellee.*

*Attorney General Roy A. Cooper, by Special Deputy Attorney General William H. Borden, for defendant-appellant.*

HUNTER, Robert C., Judge.

Defendant North Carolina Department of Crime Control and Public Safety ("defendant") appeals the North Carolina Industrial Commission's 8 January 2009 order granting partial summary judgment in favor of plaintiff Richard Wayne Barfield ("plaintiff"). After careful review, we dismiss defendant's appeal.

## Background

On 5 November 1986, plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of North Carolina against North Carolina State highway patrolman Gary Blackwood ("Blackwood") in his individual capacity. Plaintiff alleged that Blackwood used excessive force during his arrest of plaintiff on 3 February 1985. On 22 September 1988, a jury found that Blackwood had, "in the course of arresting plaintiff on February 3, 1985, use[d] excessive, unnecessary or unreasonable force thereby causing damage[.]" Judgment was entered against Blackwood, individually, in the amount of $500,000.00.

In an order filed 24 May 1991, and in a subsequent judgment entered 14 January 1992, the Federal District Court ordered the State to pay $100,000.00 in satisfaction of plaintiff's judgment against Blackwood. The State appealed and the judgment was reversed by the Fourth Circuit Court of Appeals in the case of *In re Secretary of the Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1145 (4th Cir. 1993) (holding that the Eleventh Amendment to the United States Constitution, which "generally deprives the federal courts of jurisdiction to hear actions for money damages brought against a State by its own citizens or by citizens of another state," barred the Federal District Court from ordering the State to pay money damages to plaintiff), *cert. denied*, 114 S. Ct. 2106, 128 L. Ed. 2d 667 (1994).

On 18 July 2005, Session Law 2005-243 was enacted, which provided:

Notwithstanding G.S. 143-299, where a judgment was entered in a civil action in federal court prior to the effective date of this act against a member of the Highway Patrol for an injury to a person and where the court that rendered the judgment concluded that the person's injury was the result of an act of the member of the Highway Patrol committed while acting within the course and scope of the officer's employment, the person who brought the action has 180 days from the effective date of this act to file an

action to recover damages under Article 31 of Chapter 143 of the General Statutes. It shall not be a defense that the member of the Highway Patrol is no longer a State employee, or that any time limit for seeking the recovery of damages or any other time limit of civil procedure has expired. The limitation on the amount that may be recovered under this section shall be the limit of liability under Article 31 of Chapter 143 of the General Statutes applicable at the time the tort occurred. No interest on the amount recoverable shall accrue until an amount of damages is awarded under Article 31 of Chapter 143 of the General Statutes as authorized by this section.

Session Law 2005-243 explicitly suspended the three year statute of limitations provided in N.C. Gen. Stat. § 143-299 (2007). On 12 January 2006, plaintiff filed a Claim for Damages Under Tort Claims Act in the North Carolina Industrial Commission alleging that Blackwood, in the course and scope of his employment, used excessive, unnecessary, or unreasonable force during his arrest of plaintiff on 3 February 1985. Both parties filed motions for summary judgment. On 10 June 2008, the Deputy Commissioner: (1) granted partial summary judgment to plaintiff, finding that he fell within the provisions of Session Law 2005-243 and was not required to prove negligence; (2) denied plaintiff's motion with regard to damages; (3) denied defendant's motion for summary judgment; and (4) referred the case to a hearing to take evidence on the issue of damages. Defendant appealed to the Full Commission and on 8 January 2009, the Commission affirmed and adopted, with modifications, the 10 June 2008 Order of the Deputy Commissioner. Defendant now appeals the Order of the Full Commission. After careful review, we dismiss the appeal as interlocutory.

## Analysis

Defendant asserts the following substantive arguments on appeal: (1) plaintiff's claim is barred on sovereign immunity grounds; (2) because the federal court did not determine that Blackwood was acting within the course and scope of his employment, plaintiff's claim does not fall within the parameters of Session Law 2005-243 and is thus barred by the statute of limitations; (3) the Industrial Commission erred in concluding as a matter of law plaintiff was not required to establish negligence; and (4) plaintiff's claim is barred because it violates the doctrine of collateral estoppel. In order to reach the merits of these arguments, we must first establish the propriety of this interlocutory appeal.

Defendant in this case appeals from the Industrial Commission's denial of its motion for summary judgment. "The denial of summary judgment is not a final judgment, but rather is interlocutory in nature. We do not review interlocutory orders as a matter of course." *McCallum v. N.C. Coop. Extension Serv.*, 142 N.C. App. 48, 50, 542 S.E.2d 227, 230, *appeal dismissed and disc. review denied*, 353 N.C. 452, 548 S.E.2d 527 (2001). "If, however, 'the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review[,]' we may review the appeal . . . ." *Id.* (quoting *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)). "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party. Whether a substantial right is affected is determined on a case-by-case basis." *Id.* (internal citation omitted). Here, defendant relies upon the doctrines of collateral estoppel and sovereign immunity to warrant appellate review of its interlocutory appeal.

[1] First, we address defendant's argument that this appeal should be reviewed on the ground of collateral estoppel. Defendant specifically contends that at the prior trial before the Federal District Court plaintiff asserted that Blackwell acted intentionally, but in order for plaintiff to recover against defendant in the present action, he must establish that Blackwell acted negligently while in the course and scope of his employment. Defendant asserts that this case has already been decided on the merits and it has been determined that Blackwell acted intentionally, not negligently, and thus plaintiff is barred from bringing a new action against defendant on the basis of negligence. Plaintiff does not claim that Blackwell acted negligently; rather, plaintiff asserts that the Session Law provides a remedy for plaintiff regardless of whether Blackwell acted intentionally or negligently. The Industrial Commission agreed with plaintiff and found as a matter of law that plaintiff did not have to prove negligence.

Defendant did not assert the affirmative defense of collateral estoppel in its original answer or its answer to plaintiff's amended complaint. "The North Carolina Rules of Civil Procedure require a party to affirmatively set forth any matter constituting an avoidance or affirmative defense . . . and our courts have held the failure to do so creates a waiver of the defense." *HSI N.C., LLC v. Diversified Fire Protection of Wilmington, Inc.*, 169 N.C. App. 767, 773, 611 S.E.2d 224, 228 (2005) (internal citation omitted) (holding defendants

waived affirmative defense of estoppel at summary judgment by failing to affirmatively assert defense in their original answer or amended answer), *disc. review denied*, 359 N.C. 851, 619 S.E.2d 507; N.C. Gen. Stat. § 1A-1, Rule 8(c) (2007). However, our Courts have held "that absent prejudice to plaintiff, an affirmative defense may be raised by a motion for summary judgment regardless of whether or not it was pleaded in the answer. The affirmative defense relied upon should be referred to in the motion for summary judgment[.]" *Miller v. Talton*, 112 N.C. App. 484, 487, 435 S.E.2d 793, 796 (1993) (internal citation omitted). In the present case, defendant failed to raise the issue of collateral estoppel in its pleadings; however, defendant argued the issue in its motion for summary judgment and at the summary judgment hearing. Accordingly, we find that the issue was before the Commission and plaintiff was made aware of the defense by defendant's motion for summary judgment prior to the hearing.

[2] We now address whether the issue of collateral estoppel affects a substantial right. "The denial of summary judgment based on collateral estoppel, like *res judicata*, may expose a successful defendant to repetitious and unnecessary lawsuits. Accordingly, . . . the denial of a motion for summary judgment based on the defense of collateral estoppel may affect a substantial right . . . [such that the appeal] is properly before us." *McCallum*, 142 N.C. App. at 51, 542 S.E.2d at 231. "Our courts have generally taken a restrictive view of the substantial right exception [and] [t]he burden is on the appealing party to establish that a substantial right will be affected." *Turner v. Norfolk S. Corp.,* 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (internal citation omitted). In violation of our Rules of Appellate Procedure, defendant makes no legal or factual argument whatsoever that a substantial right would be affected if the merits of this case are not reached interlocutory. N.C. R. App. P. 28(b)(6). The cases cited by defendant, after its general statement of grounds for appellate review, are not factually analogous and do not support its claim that the present case should be heard on an interlocutory basis. Upon review of defendant's substantive collateral estoppel argument, we do not find that a substantial right will be affected if this case is allowed to proceed to final judgment and, therefore, we decline to rule on the merits of defendant's collateral estoppel argument.

[3] Second, defendant claims that this case should be reviewed on the ground of sovereign immunity since the Legislature did not waive immunity in the Session Law for plaintiff's particular claim. "It has long been established that an action cannot be maintained against the

State of North Carolina *or an agency thereof* unless it consents to be sued or upon its waiver of immunity, and that *this immunity is absolute and unqualified.*" *Guthrie v. State Ports Authority*, 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983). "Waiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." *Id.* at 537-38, 299 S.E.2d at 627.

> [T]he denial of summary judgment on grounds of sovereign immunity is immediately appealable, though interlocutory, because it represents a substantial right, as "[t]he entitlement is an *immunity from suit* rather than a mere defense to liability; and . . . it is effectively lost if a case is erroneously permitted to go to trial."

*Craig ex rel. Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 338, 678 S.E.2d 351, 354 (2009) (quoting *Mitchell v. Forsyth*, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411, 425 (1985)). Accordingly, if defendant's arguments are based on immunity from suit, then we may properly hear this case interlocutory. Upon careful review, we find that defendant's sovereign immunity argument is actually grounded in the defense of the statute of limitations, not immunity from suit altogether.

Session Law 2005-243 clearly states that "[t]he limitation on the amount that may be recovered under this section shall be the limit of liability under Article 31 of Chapter 143 of the General Statutes applicable at the time the tort occurred." Furthermore, the Session Law provides that the three year statute of limitations found in N.C. Gen. Stat. § 143-299 would not serve to bar a potential litigant's claim. We interpret the Session Law to mean that the State waived its immunity to the extent that a litigant fell under the distinct parameters of the Session Law. According to the Session Law, in order to succeed on a claim against the defendant (a State agency), a plaintiff was required to show that a federal court had rendered a judgment against a member of the Highway Patrol for an injury to the plaintiff committed while the officer was acting within the course and scope of his employment. Plaintiff in the present case argued before the Industrial Commission that it fell within the parameters of the Session Law and was thus entitled to damages up to the amount allowed by law. Defendant disagreed. The crux of defendant's argument is that the judgment rendered in plaintiff's civil action against Blackwell did not hold that Blackwell, a highway patrol officer, was acting within the course and scope of his employment and, therefore, plaintiff's claim is still barred by the statute of limitations. Though defendant

attempts to frame its argument in terms of sovereign immunity, the essence of defendant's argument is that plaintiff did not fall within the scope of the Session Law and, therefore, his claim is barred by the statute of limitations. In other words, defendant is not asserting full immunity from suit; rather, defendant is arguing that the federal court's judgment was insufficient to support plaintiff's claim under the Session Law.[1]

Having found that defendant's argument is actually based on a claim that the statute of limitations bars plaintiff's suit, we must now determine whether denial of defendant's motion for summary judgment affected a substantial right. *McCallum*, 142 N.C. App. at 50, 542 S.E.2d at 230. In *Lee v. Baxter*, 147 N.C. App. 517, 556 S.E.2d 38 (2001), this Court noted that "a motion to dismiss 'based on a statute of limitation[s] does not [a]ffect a substantial right and is therefore not appealable.' " *Id.* at 520, 556 S.E.2d at 38 (quoting *Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 121, 535 S.E.2d 397, 401 (2000)). "For this purpose, we see no reason to treat a motion for summary judgment based on the statute of [limitations] differently than a motion to dismiss based on the statute of limitations." *Id.*[2] In the present case, defendant has not met its burden of establishing that a substantial right would be affected by allowing this case to proceed to a final judgment.

In sum, there are no justifiable grounds for hearing this interlocutory appeal. Although defendant wraps its arguments in a shroud of sovereign immunity, the essence of defendant's arguments pertain to a defense to liability. We therefore dismiss this interlocutory appeal and remand to the Industrial Commission for a hearing as to damages.

Appeal Dismissed.

Judges CALABRIA and GEER concur.

---

1. As a matter of law, the Industrial Commission held that the judgment rendered by the federal court was sufficient to meet the requirements of the Session Law.

2. *Lee* specifically dealt with a motion for summary judgment based on a statute of repose; however, we find the present situation to be analogous.