An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-52
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

NICOLE J. BRUNS,

    Plaintiff,

    v.                                    Craven County
                                No. 12 CVS 1495

NORTH CAROLINA FARM BUREAU MUTUAL
INSURANCE COMPANY, INC.,

    Defendant.

Appeal by defendant and cross-appeal by plaintiff from judgment entered 25 March 2013 by Judge Jay D. Hockenbury in Craven County Superior Court. Heard in the Court of Appeals 19 May 2014.

> *William F. Ward, III, P.A., by William F. Ward, III, for plaintiff-appellee.*
>
> *Harris, Creech, Ward & Blackerby, P.A., by Jay C. Salsman, C. David Creech, and Heather M. Beam, for defendant-appellant.*

STEELMAN, Judge.

Where Farm Bureau was dismissed from the original litigation, and was not a party when the judgment was entered, it is not bound by the original judgment. Where plaintiff has

not shown that the partial denial of her summary judgment motion affected a substantial right, plaintiff's interlocutory appeal is dismissed.

## I. Factual and Procedural Background

In November 2010, Nicole J. Bruns (plaintiff) noticed water damage to the floor of her kitchen. At the time, her homeowner's insurance policy was with North Carolina Farm Bureau Mutual Insurance Company, Inc. (Farm Bureau). Plaintiff contacted James B. Flanagan (Flanagan), a repairman, who met with plaintiff and a Farm Bureau claims adjuster to assess the damage. On 30 November 2010, Flanagan began work on plaintiff's kitchen. Flanagan removed plaintiff's countertops, kitchen cabinets, sink, island, and other personal property from the kitchen, and after stripping the kitchen down to the floor joists and drywall, did not return.

On 13 June 2011, Flanagan filed suit against plaintiff, seeking payment for services to plaintiff's residence. (Craven County action 11 CVS 937). On 19 September 2011, plaintiff filed answer, counterclaims, and a third-party complaint against Farm Bureau. On 24 October 2011, Farm Bureau moved to dismiss plaintiff's third-party complaint, based upon plaintiff's

failure to comply with Rules 13(h) and 14(a) of the North Carolina Rules of Civil Procedure. On 17 January 2012, the trial court granted Farm Bureau's motion to dismiss, without prejudice to plaintiff filing an independent action against Farm Bureau.

On 18 March 2013, case 11 CVS 937 was called for trial before the Superior Court of Craven County, Judge Alford presiding. Flanagan failed to appear for trial. Trial court dismissed Flanagan's claims against plaintiff. Plaintiff then waived her right to a jury trial. On 25 March 2013, the trial court entered judgment on plaintiff's counterclaims, and found that Flanagan had converted the property of plaintiff. The court awarded damages of $47,024.77, which it trebled to $141,074.31, pursuant to N.C. Gen. Stat. § 75-16. In addition, the trial court awarded damages of $97,060.19 to plaintiff for breach of contract, and $ 79,378.17 for attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1.

On 9 October 2012, plaintiff filed the complaint in the instant case against Farm Bureau, alleging breach of the insurance contract, bad faith, and unfair and deceptive trade practices. On 13 December 2012, Farm Bureau filed its answer, and counterclaims for attorney's fees pursuant to N.C. Gen.

Stat. §§ 1D-45 and 75-16.1. Farm Bureau also counterclaimed for a declaratory judgment pursuant to N.C. Gen. Stat. § 1-253 *et seq.* that it had no liability to plaintiff under the terms of the homeowner's insurance policy.

On 25 April 2013, plaintiff filed a motion for summary judgment, alleging that the 25 March 2013 judgment against Flanagan in case 11 CVS 937 precluded the relitigation of the issues decided therein under the doctrines of *res judicata*, collateral estoppel and claims splitting. On 14 August 2013, the trial court entered an order of partial summary judgment. This order granted summary judgment in favor of plaintiff on plaintiff's breach of contract claim, and awarded to plaintiff the sum of $97,060.19 together with statutory interest from the date of breach, 7 December 2010. It also certified that issue for immediate appellate review, pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. The order also denied plaintiff's motion for summary judgment as to plaintiff's claims of bad faith and unfair and deceptive trade practices.

From the grant of summary judgment on the issue of the breach of contract claim, Farm Bureau appeals. From the denial of summary judgment on all other issues, plaintiff cross-appeals.

## II. Appeal of Farm Bureau

In its arguments on appeal, Farm Bureau contends that the trial court erred in entering summary judgment against it with regard to plaintiff's breach of contract claim. We agree.

## A. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

## B. Analysis

In its order of partial summary judgment, the trial court held that:

> The Court, after hearing arguments of counsel, considering the memoranda filed by counsel and reviewing the notebooks of relevant materials and cases submitted both in support of and in opposition to the motion, has determined that there is no genuine issue as to any material fact as to the plaintiff's first cause of action, to wit: breach of contract and contract damages, based on res judicata.

It then granted summary judgment in favor of plaintiff on the breach of contract claim, and certified the grant of summary

judgment as a final judgment pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

Farm Bureau contends that summary judgment was improperly granted for multiple reasons: (1) the doctrines of *res judicata* and collateral estoppel do not apply; (2) there were genuine issues of material fact; and (3) the damages awarded by the trial court constituted an impermissible double recovery. We address only the grounds stated by the trial court as the basis for its ruling: *res judicata*.

> The essential elements of *res judicata* are: (1) a final judgment on the merits in an earlier lawsuit; (2) an identity of the cause of action in the prior suit and the later suit; and (3) an identity of parties or their privies in both suits. *See Hogan v. Cone Mills Corp.*, 315 N.C. 127, 135, 337 S.E.2d 477, 482 (1985). "Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them." *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993) (citing *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986)).

*Green v. Dixon*, 137 N.C. App. 305, 307, 528 S.E.2d 51, 53 *aff'd per curiam,* 352 N.C. 666, 535 S.E.2d 356 (2000).

> "For *res judicata* to apply, a party must show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both

> the party asserting *res judicata* and the party against whom *res judicata* is asserted were either parties or stand in privity with parties." *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 413–14, 474 S.E.2d 127, 128 (1996) (quotation omitted). "The doctrine prevents the relitigation of all matters ... that were or should have been adjudicated in the prior action." *Whitacre P'ship*, 358 N.C. at 15, 591 S.E.2d at 880 (quotation omitted).

*Williams v. Peabody*, 217 N.C. App. 1, 5, 719 S.E.2d 88, 92 (2011).

In the instant case, the trial court explicitly based its grant of summary judgment upon the doctrine of *res judicata*, in effect holding that the scope of Farm Bureau's coverage under plaintiff's homeowner's insurance was a matter settled during the previous lawsuit between plaintiff and Flanagan in case 11 CVS 937. However, in case 11 CVS 937, the trial court granted the motion to dismiss Farm Bureau as a third-party defendant. Farm Bureau was not a party to the original litigation at the time that judgment was entered.

Even assuming *arguendo* that the lawsuit between plaintiff and Flanagan concerned the same cause of action, and resulted in a judgment on the merits, it is clear that it did not involve the same parties. The original lawsuit was between plaintiff and Flanagan, and concerned plaintiff's contract with Flanagan.

In that case, the trial court addressed Flanagan's conversion, Flanagan's breach of contract, and Flanagan's unfair and deceptive trade practices. The trial court determined that, based upon this misconduct, plaintiff was entitled to damages from Flanagan. Apart from mentioning Flanagan's contract with Farm Bureau, the original judgment made no reference to Farm Bureau's liability or its involvement in the case. The issue of whether plaintiff's damages were within the scope of plaintiff's homeowner's insurance policy coverage with Farm Bureau was not before the trial court in case 11 CVS 937.

Because Farm Bureau was not a party to the original case, it could not be bound by that judgment. There was no evidence of privity between Flanagan and Farm Bureau to support entry of a judgment based upon *res judicata*.

We hold that the trial court erred in granting partial summary judgment in favor of plaintiff with regard to plaintiff's breach of contract action, and vacate the trial court's summary judgment order.

### III. Cross-Appeal

In her cross-appeal, plaintiff contends that the trial court erred in denying her motion for summary judgment with regard to bad faith and unfair and deceptive trade practices.

Because this cross-appeal is interlocutory, we dismiss it as premature.

### A. Standard of Review

> "The denial of summary judgment is not a final judgment, but rather is interlocutory in nature. We do not review interlocutory orders as a matter of course." *McCallum v. N.C. Coop. Extension Serv.,* 142 N.C. App. 48, 50, 542 S.E.2d 227, 230, *appeal dismissed and disc. review denied,* 353 N.C. 452, 548 S.E.2d 527 (2001). "If, however, 'the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review[,]' we may review the appeal...." *Id.* (quoting *N.C. Dept. of Transportation v. Page,* 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)). "The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party. Whether a substantial right is affected is determined on a case-by-case basis." *Id.* (internal citation omitted).

*Barfield v. N.C. Dep't of Crime Control & Pub. Safety*, 202 N.C. App. 114, 117, 688 S.E.2d 467, 469 (2010).

### B. Analysis

In the order granting partial summary judgment in favor of plaintiff with regard to her breach of contract claim, the trial court also denied summary judgment with regard to plaintiff's claims for bad faith, punitive damages, and unfair and deceptive trade practices.  Unlike the breach of contract claim, these

issues were not certified by the trial court pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure, nor do they constitute a final judgment. Plaintiff's appeal from the denial of her motion for summary judgment on these issues is interlocutory. *Barfield*, 202 N.C. App. at 117, 688 S.E.2d at 469.

Plaintiff has not argued that the denial of her summary judgment motion has violated a substantial right. "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). Because plaintiff has not shown that the denial of a portion of her summary judgment motion affected a substantial right, plaintiff's argument is dismissed.

VACATED IN PART, DISMISSED IN PART.

Chief Judge MARTIN and Judge DILLON concur.

Report per Rule 30(e).