INMAN, Judge.
Stanley Shane Smith ("plaintiff") appeals pro sefrom an order entered in favor of defendant North Carolina Department of Public Safety ("DPS") on plaintiff's breach of contract claim. On appeal, plaintiff argues that the trial court erred by concluding that DPS did not materially breach a settlement agreement that it entered into with plaintiff resolving a previous dispute.
Due to plaintiff's substantial noncompliance with the North Carolina Rules of Appellate Procedure, we cannot conduct meaningful appellate review of the trial court's order. Accordingly, we dismiss this appeal.
I. Appellate Rules Violations
Our Supreme Court provided thorough instructions regarding appellate rules violations in Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transport Co., Inc.,362 N.C. 191, 657 S.E.2d 361 (2008). In Dogwood,the Court identified three types of rules violations: (1) waiver occurring at trial; (2) defects in appellate jurisdiction; and (3) nonjurisdictional defects. Id.at 194, 657 S.E.2d at 363. This case involves nonjurisdictional defects: the appellant's failure to cite a single legal authority in his brief and his failure to provide a transcript of the proceeding from which this appeal arises.
Nonjurisdictional rules are "designed primarily to keep the appellate process flowing in an orderly manner." Id.at 198, 657 S.E.2d at 365 (quotation marks omitted). Accordingly, "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal." Id.But where nonjurisdictional violations are "gross" or "substantial," the Court may impose appropriate sanctions under Rules 25 and 34. Id.at 199, 657 S.E.2d at 366 ; see alsoN.C. R.App. P. 25(b) (2015) (authorizing sanctions when the Court determines that a party or attorney "substantially failed to comply with [the] appellate rules"); N.C. R.App. P. 34 (2015) (authorizing dismissal of the appeal, monetary damages, and any other sanction deemed just and proper where a brief or other document filed with the Court "grossly violated appellate court rules"). Among the factors this Court may consider in determining whether the noncompliance rises to the level of "substantial failure or gross violation" are: (1) "whether and to what extent the noncompliance impairs the court's task of review," and (2) "whether and to what extent review on the merits would frustrate the adversarial process." Id.at 200, 657 S.E.2d at 366-67.
Our rules of appellate procedure "apply to everyone-whether acting pro seor being represented by all of the five largest law firms in the state." Bledsoe v. County of Wilkes,135 N.C.App. 124, 125, 519 S.E.2d 316, 317 (1999). Therefore, plaintiff is not excused from complying with the appellate rules merely because he proceeds pro se.
Plaintiff violated Rule 28(b)(6) by failing to include citation to any legal authority whatsoever in his brief. Rule 28(b)(6) provides that an appellant's brief shall contain legal arguments and applicable standards of review, and both of which shall contain "citations of the authorities upon which the appellant relies." N.C. R.App. P. 26(b)(6). This rule was specifically mentioned by the DogwoodCourt as being a "discrete requirement of the rules," the noncompliance of which itself "may constitute a default precluding substantive review." Dogwood,362 N.C. at 200, 657 S.E.2d at 367.
Additionally, plaintiff failed to file with this Court a transcript of the trial from which his appeal arises as required by Rule 7(a)(1). Rule 7(a)(1) provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion of the trial court is unsupported by the evidence or is contrary to the evidence, the appellant shall cite in the record on appeal the volume number, page number, and line number of all evidence relevant to such finding or conclusion." N.C. R.App. P. 7(a)(1).
Plaintiff argues on appeal that "[t]he evidence of record demonstrates that Appellees were not complying with the terms of the federal settlement agreement, thus were in breach of contract." Therefore, plaintiff challenges the evidentiary basis for both the trial court's findings of fact indicating that DPS complied with the settlement agreement and its conclusion of law that "[p]laintiff has not met his burden to show upon the preponderance or greater weight of the evidence that NCDPS has 'materially' breached the [settlement agreement]." The trial court specifically stated in its order that it carefully considered the sworn testimony of the witnesses in making its determinations. Because plaintiff has failed to supply this Court with a transcript of witness testimony, it is impossible for us to assess the evidentiary basis for the trial court's findings or conclusions.
II. Transcript Requests for Indigent Civil Litigants
We note that the record reveals plaintiff's diligent attempt at acquiring a transcript of the proceedings at no cost to himself. In plaintiff's timely filed request for a transcript from the trial court, he attached both the trial court's order allowing him to proceed as an indigent party and his written correspondence with the court reporter. However, the trial court properly denied plaintiff's request. Under Rule 7(a)(1), an indigent civil litigant may have the clerk of the trial court order a transcript (as with indigent criminal defendants) only if he would be entitled to appointed appellate counsel. SeeN.C. R.App. P. 7(a)(1) ("In civil cases and special proceedings where there is an order establishing the indigency of a party entitled to appointed appellate counsel, the ordering of the transcript shall be as in criminal cases where there is an order establishing the indigency of the defendant[.]").
As explained below, an indigent civil litigant seeking appellate review who is not entitled to court-appointed counsel also is not entitled to obtain a transcript at no charge and is not excused from the requirement to include a transcript in the record.
N.C. Gen.Stat. § 7A-451(a) (2013) sets out the various civil actions and proceedings in which indigent persons are entitled to appointed counsel, such as (1) any case in which imprisonment is likely to be adjudged; (2) a hearing on a petition for a writ of habeas corpus; and (3) a proceeding on involuntary commitment. Civil actions for breach of contract are not among those identified by section 7A-451(a) as entitling a party to appointed counsel. See also McBride v. McBride,334 N.C. 124, 127, 431 S.E.2d 14, 16 (1993) ("[T]he pre-eminent generalization that emerges from [the United States Supreme Court's] precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." (quotation marks omitted)). Plaintiff, as an indigent person bringing a civil suit for breach of contract, was not entitled to appointed appellate counsel under section 7A-451(a), and therefore could not have acquired a transcript in the manner reserved for indigent criminal defendants. SeeN.C. R.App. P. 7(a)(1). Because plaintiff did not contract with the court reporter to have the proceedings transcribed, no transcript was produced.
In this case, where plaintiff has provided neither a transcript of the proceedings nor citation to any legal authority supporting plaintiffs' arguments on appeal, our ability to review the trial court's order has been severely impaired by plaintiff's substantial noncompliance with our appellate rules. See Dogwood,362 N.C. at 200, 657 S.E.2d at 366-67. Accordingly, this appeal is subject to dismissal. See id.
III. Rule 2 Analysis
Our appellate rules provide for an exception, in rare cases, to allow an appeal which is subject to dismissal to proceed notwithstanding substantial rules violations. Rule 2 provides:
To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.
N.C. R.App. P. 2.
Therefore, once a court has determined that dismissal is a proper sanction, "it may then consider whether the circumstances of the case justify invoking Rule 2 to reach the merits of the appeal." Dogwood,362 N.C. at 201, 657 S.E.2d at 367. Our Supreme Court has noted that Rule 2 should only be invoked under "exceptional circumstances." Id.
In this case, because plaintiff's substantive arguments require a fact-specific analysis of the dispute below, of which we have no transcript, and where plaintiff has cited no legal authority that could support his arguments, we decline to exercise our authority under Rule 2 to suspend the Appellate Rules, as we discern no benefit from that course of action here.
Conclusion
For the foregoing reasons, plaintiff's appeal from the trial court's order is dismissed.
DISMISSED
Judges BRYANT and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from order entered 20 August 2014 by Judge Christopher W. Bragg in Rowan County Superior Court. Heard in the Court of Appeals 21 April 2015.