INMAN, Judge.
Linwood Wilson ("Plaintiff") appeals pro se from the 29 July 2015 final order regarding the equitable distribution of marital property, the 11 May 2015 pre-trial order disposing of all pre-trial motions, and the 15 July 2015 pre-trial order denying Plaintiff's motion for temporary stay and granting a motion by Barbara Wilson ("Defendant") to dismiss the motion for temporary stay. Plaintiff raises twenty-one issues on appeal. Delineating each of Plaintiff's issues would require voluminous recitation not necessary to explain this Court's decision. The issues include, inter alia, alleged errors in the 11 May 2015 and 15 July 2015 orders regarding six of Plaintiff's pre-trial motions and one of Defendant's pre-trial motions, challenges to various findings of fact and conclusions of law in the 11 May 2015 and 15 July 2015 orders, alleged error in conducting the 27-29 July 2015 hearing, and alleged error in the trial court's statements made before the 29 July 2015 order was entered. For the reasons explained below, we grant Defendant's motion to dismiss Plaintiff's appeal.
I. Procedural Background
This case has a long and convoluted procedural history, a majority of which is irrelevant to the issues raised in Plaintiff's appeal. Plaintiff and Defendant were married 17 July 1993, separated 30 April 2010, and divorced 20 December 2012. On 25 June 2010, Plaintiff filed a complaint seeking equitable distribution, post-separation support and alimony, attorney's fees, and requested an unequal distribution in his favor. On 10 August 2010, Defendant filed an answer and counterclaim for equitable distribution, requesting, inter alia, an unequal distribution in her favor. On 24 October 2012, Defendant filed an amended answer. From the time this action was commenced in 2010, both parties filed various motions, recitation of such is not relevant to this appeal.
On 11 May 2015, Judge Thomas Foster conducted a hearing to resolve all pending motions between the parties and a pretrial conference on equitable distribution and alimony. The trial court entered an order (the "Pre-Trial Order") resolving many of Plaintiff and Defendant's motions filed in 2013 and ordering that the remaining issues between the parties-the cross claims for equitable distribution, Plaintiff's claim for alimony, and the reservation of attorney's fees associated with a previous order entered 6 March 2013-would be heard beginning on 27 July 2015.
On 8 June 2015, Plaintiff filed a notice of appeal to this Court taking issue with five (5) findings of fact and six (6) conclusions of law from the trial court's Pre-Trial Order. On 10 June 2015, Plaintiff filed with this Court a petition for writ of supersedeas and motion for temporary stay of the Pre-Trial Order. This Court denied Plaintiff's motion for temporary stay on 11 June 2015 and denied Plaintiff's petition for writ of supersedeas on 24 June 2015.
On 16 June 2015, Plaintiff filed a motion for temporary stay at the trial court, requesting a stay of the enforcement of the Pre-Trial Order upon a determination from this Court. Plaintiff also filed a motion to proceed in forma pauperis, alleging that he was "unable to make full repayments of fees, transcript or to give security therefore." On 22 June 2015, Defendant filed a motion to dismiss Plaintiff's motion for temporary stay based upon the interlocutory nature of the Pre-Trial Order. Following a hearing on 14 July 2015, the trial court issued an order on 15 July 2015 (the "July Order"), granting Plaintiff's motion to proceed in forma pauperis, denying Plaintiff's motion for temporary stay, and granting Defendant's motion to dismiss the same. On 21 July 2015, Plaintiff filed a notice of appeal to this Court from the July Order.
On 27-29 July 2015, the trial court conducted a hearing on the parties' cross claims for equitable distribution as well as Defendant's motion for attorney's fees pursuant to an order entered 6 March 2013 which compelled Plaintiff's discovery responses. On 29 July 2015, the trial court entered a final order (the "ED Order") fully resolving the matter of equitable distribution between the parties. On 5 August 2015, Plaintiff filed a notice of appeal to this Court specifically taking issue with the ED Order and the "interlocutory appeals." On 11 August 2015, Plaintiff filed a motion for extension of time for obtaining a transcript. On 26 August 2015, this Court denied Plaintiff's motion.
On 29 October 2015, Plaintiff filed a petition for writ of supersedeas and motion for temporary stay with this Court. Plaintiff requested for this Court to stay the judgments of the Pre-Trial Order, the July Order, and the ED Order pending review by this Court. On 30 October 2015, Plaintiff filed an amended version of the writ petition. This Court denied Plaintiff's petition and motion on 2 November 2015.
On 22 December 2015, Defendant filed a motion to dismiss Plaintiff's appeal. On 8 January 2016, Plaintiff filed a response to Defendant's motion to dismiss.
II. Appellate Rules Violations
A. Dogwood Analysis
The first issue this Court must address is whether to dismiss a number of Plaintiff's issues on appeal because Plaintiff failed to contract for the transcription of the proceedings at issue pursuant to the Rules of Appellate Procedure.
Rule 9(a) of the Rules of Appellate Procedure provides in pertinent part that in appeals from the trial division, "review is solely upon the record on appeal, the verbatim transcript of the proceedings, if one is designated, and any other items filed pursuant to this Rule 9." N.C. R.App. P. 9(a). Rule 9(a)(1)(e) provides an alternative to the verbatim transcript requirement, explaining that if an appellant elects not to file a verbatim transcript with this Court, the record on appeal must contain "[s]o much of the litigation, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all issues presented on appeal[.]" Rule 9(c)(1) provides for a narrative of the trial proceedings, explaining that "[w]hen an issue is presented on appeal with respect to the admission or exclusion of evidence, the question and answer form shall be utilized in setting out the pertinent questions and answers."
Rule 7(a)(1), "Preparation of the Transcript; Court Reporter's Duties," provides that in civil cases:
Within fourteen days after filing the notice of appeal the appellant shall contract for the transcription of the proceedings or of such parts of the proceedings not already on file, as the appellant deems necessary, in accordance with these rules.... The appellant shall file the written documentation of this transcript contract with the clerk of the trial tribunal, and serve a copy of it upon all other parties of record and upon the person designated to prepare the transcript. If the appellant intends to urge on appeal that a finding or conclusion of the trial court is unsupported by the evidence or is contrary to the evidence, the appellant shall cite in the record on appeal the volume number, page number, and line number of all evidence relevant to such finding or conclusion.
N.C. R.App. P. 7(a)(1) (emphasis added).
Although Plaintiff appeals from the Pre-Trial Order, the July Order, and the ED Order, Plaintiff did not include transcripts of the proceedings in the record pursuant to Rule 7(a)(1), nor did Plaintiff include a narrative of the trial proceedings in accordance with Rule 9(c)(1). Because Plaintiff requests this Court to review a multitude of issues challenging the trial court's rulings on motions, findings of fact, and conclusions of law, it is his responsibility to provide a complete record on appeal. See Miller v. Miller, 92 N.C.App. 351, 353, 374 S.E.2d 467, 468 (1988) ("It is the appellant's responsibility to make sure that the record on appeal is complete and in proper form."). Although we are mindful of Plaintiff's pro se status, we note that the Rules of Appellate Procedure "apply to everyone-whether acting pro se or being represented by all of the five largest law firms in the state." Bledsoe v. County of Wilkes, 135 N.C.App. 124, 125, 519 S.E.2d 316, 317 (1999). Accordingly, Plaintiff's status as a pro se litigant does not excuse his non-compliance with the Rules of Appellate Procedure.
When confronted with appellate rules violations, this Court has followed the guidance of the North Carolina Supreme Court's decision in Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., Inc., 362 N.C. 191, 657 S.E.2d 361 (2008). In Dogwood, the Court identified three types of rules violations: (1) waiver occurring at trial; (2) defects in appellate jurisdiction; and (3) nonjurisdictional defects. Id. at 194, 657 S.E.2d at 363. Nonjurisdictional rules "are designed primarily to keep the appellate process flowing in an orderly manner [and] a party's failure to comply with nonjurisdictional requirements normally should not lead to dismissal of the appeal." Id. at 198, 657 S .E.2d at 365. However, where these violations are "gross" or "substantial," the Court may impose sanctions under Rule 34, including dismissal of the appeal. Id. at 199, 657 S.E.2d at 366.
Here, Plaintiff's noncompliance with Rule 7 and Rule 9 -not providing transcripts of the proceedings from which he is appealing-both impedes and prohibits this Court from adequately reviewing Plaintiff's issues on appeal. Review of the pertinent transcripts is necessary to understand the questions presented in Plaintiff's brief. Accordingly, we hold that Plaintiff's "noncompliance with the appellate rules rises to the level of a substantial failure or gross violation" warranting dismissal of the appeal pursuant to N.C. R.App. P. 34(b). Dogwood, 362 N.C. at 200-01, 657 S.E.2d at 366-67.
B. Proceeding In Forma Pauperis
We must next address whether the trial court's order allowing Plaintiff to proceed in forma pauperis extinguished Plaintiff's responsibility to acquire the trial transcripts pursuant to the Rules of Appellate Procedure.
Rule 7(a)(1) provides in pertinent part that "[i]n civil cases and special proceedings where there is an order establishing the indigency of a party entitled to appointed appellate counsel, the ordering of the transcript shall be as in criminal cases where there is an order establishing the indigency of the defendant as set forth in Rule 7(a)(2)."
This Court has addressed an indigent plaintiff-appellant's failure to include transcripts in Smith v. N.C. Dep't of Public Safety, 773 S.E.2d 574, 2015 N.C.App. LEXIS 397 (unpublished). In Smith, an unpublished case but directly on point here, this Court noted the plaintiff's diligent attempts to secure transcript proceedings after filing as an indigent party. Id. at 574, 2015 N.C.App. LEXIS 397, at * *4-5. This Court explained that under Rule 7(a)(1), an indigent civil litigant may have the clerk of the trial court order a transcript only if the litigant would have been entitled to appellate counsel. Id. at 574, 2015 N.C.App. LEXIS 397, at *5. Although the plaintiff took the proper steps to proceed as an indigent litigant and included correspondence with the court transcriptionist in his record on appeal from the trial court's ruling dismissing his breach of contract claim, this Court held that he was not entitled to appellate appointed counsel, "and therefore could not have acquired a transcript in the manner reserved for indigent criminal defendants." Id. at 574, 2015 N.C.App. LEXIS 397, at *6. In making this determination, this Court specifically relied on N.C. Gen.Stat. § 7A-451(a) (2013), which "sets out the various civil actions and proceedings in which indigent persons are entitled to appointed counsel, such as (1) any case in which imprisonment is likely to be adjudged; (2) a hearing on a petition for a writ of habeas corpus; and (3) a proceeding on involuntary commitment." Id. at 574, 2015 N.C.App. LEXIS 397, at * *5-6. Because breach of contract actions are not listed among the civil actions entitling an indigent person to appointed counsel, this Court held that the plaintiff was required to contract with the court reporter to have the proceedings transcribed. Id. at 574, 2015 N.C.App. LEXIS 397, at *6.
Here, Plaintiff also made diligent attempts to secure the transcript of the proceedings. He e-mailed the transcriptionists and filed a motion to this Court for an extension of time for obtaining a transcript. However, because civil actions contesting pre-trial matters and equitable distribution of marital assets do not entitle an indigent person to appointed counsel, Plaintiff was required to contract with the transcriptionist in order to provide this Court with a complete record on appeal. As such, Plaintiff's "substantial non-compliance with the North Carolina Rules of Appellate Procedure" prevents this Court from conducting meaningful appellate review of the trial court's orders. Id. at 574, 2015 N.C.App. LEXIS 397, at * *2-3.
C. Rule 2 Analysis
Rule 2 grants this Court the authority to suspend the limits of the Rules of Appellate Procedure:
To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.
N.C. R.App. P. 2. In Smith, this Court declined to exercise its authority under Rule 2, holding that "we discern no benefit from that course of action here." Id. at 574, LEXIS at *8. Similarly, in the present case, Plaintiff requests that this Court review the rationale behind Judge Foster's rulings, findings of fact, and conclusions of law without the benefit of the transcript to provide the content or context of the proceedings. Without the transcripts or a narrative of the trial proceedings, this Court cannot possibly review the rulings by the trial court. Accordingly, we decline to exercise our discretion under Rule 2.
For the aforementioned reasons, we hereby dismiss Plaintiff's issues on appeal I, II, III, IV, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, and XXI.
III. Mootness
In Plaintiff's appellate issue V, he contends that the trial court erred by denying his motion for temporary stay of the Pre-Trial Order filed 15 July 2015. This order noted that Plaintiff had previously filed a motion to stay the Pre-Trial Order with this Court, which was denied. Therefore, Plaintiff's motion for temporary stay of the Pre-Trial Order has already been decided by this Court. Accordingly, this issue is moot and we dismiss Plaintiff's issue V.
IV. Interlocutory Appeal Analysis
In issue VI, Plaintiff contends that the trial court erred by allowing the ED hearing to proceed on 27-29 July 2015, without allowing this Court the time required to rule on his appeal from the pre-trial motions and Pre-Trial Order. Additionally, in issue XIX, Plaintiff contends that the trial court erred in the July Order by concluding that the Pre-Trial Order was not immediately appealable because it did not affect a substantial right of Plaintiff.
As to issue VI, on 8 June 2015, Plaintiff filed a notice of appeal from the Pre-Trial Order contesting several of the trial court's findings of fact and conclusions of law. However, at that time, Plaintiff failed to perfect his appeal in accordance with Rule 3 of the Rules of Appellate Procedure because he filed neither a record or a brief. See N.C. R.App. P. 3. Instead, the record shows that Plaintiff petitioned this Court for a writ of supersedeas and a motion for temporary stay, which were both denied by this Court on 11 and 24 June 2015. Because there was not an adequate appeal from the Pre-Trial Order before this Court, the trial court did not err by proceeding with the ED hearing. Additionally, because this Court in 2015 reviewed and denied Plaintiff's motions on the Pre-Trial Order, this issue is moot. However, presuming, arguendo, Plaintiff had filed the proper documents to appeal the Pre-Trial Order, such appeal would have been interlocutory.
"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citations omitted). This Court has held that "[w]here a party appeals from a nonappealable interlocutory order ... such appeal does not deprive the trial court of jurisdiction, and thus the court may properly proceed with the case." RPR & Assocs. v. Univ. of N. Carolina-Chapel Hill, 153 N.C.App. 342, 347, 570 S.E.2d 510, 514 (2002) (emphasis removed). Furthermore, "a litigant cannot deprive the trial court of jurisdiction to determine a case on its merits by appealing from a nonappealable interlocutory order of the trial court." Velez v. Dick Keffer Pontiac-GMC Truck, Inc., 144 N.C.App. 589, 591, 551 S.E.2d 873, 875 (2001). Therefore, the trial court did not err in allowing the ED hearing to proceed without allowing this Court time to rule on his appeal from the interlocutory Pre-Trial Order, and we therefore dismiss Plaintiff's issue on appeal VI.
As to issue XIX, in the July Order, the trial court denied Plaintiff's motion for temporary stay of the Pre-Trial Order, concluding that the Pre-Trial Order "is not immediately appealable as it does not [a]ffect a substantial right of [P]laintiff." On appeal, Plaintiff contends the trial court erred in this conclusion because the Pre-Trial Order affected a substantial right. We disagree.
"There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." Turner v. Norfolk S. Corp., 137 N.C.App. 138, 141, 526 S.E.2d 666, 669 (2000) (internal quotation marks and citations omitted). "An interlocutory order is immediately appealable if such order affects a substantial right of the parties involved." RPR & Assocs., 153 N.C.App. at 347, 570 S.E.2d. at 514. "A right is substantial when it will clearly be lost or irremediably and adversely affected if the order is not reviewed before final judgment." Cagle v. Teachy, 111 N.C.App. 244, 246, 431 S.E.2d 801, 802 (1993). "Our courts have generally taken a restrictive view of the substantial right exception." Turner, 137 N.C.App. at 142, 526 S.E.2d at 670. "The burden is on the appealing party to establish that a substantial right will be affected." Id.
Here, in addition to the lack of a transcript or a narrative of the trial proceedings necessary for appellate review, Plaintiff has failed to meet his burden of demonstrating that his rights would have been "lost or irremediably and adversely affected" had the Pre-Trial Order not been reviewed before a final judgment was entered. Cagle, 111 N.C.App. at 246, 431 S.E.2d at 802. Accordingly, we dismiss Plaintiff's issue XIX.
V. Conclusion
For all of the foregoing reasons, this Court dismisses all of Plaintiff's twenty-one issues on appeal.
DISMISSED.
Chief Judge McGEE and Judge TYSON concur.
Report per Rule 30(e).