NO. COA13-914

NORTH CAROLINA COURT OF APPEALS

Filed: 2 September 2014


ALLEN TOBY HEDGEPETH, *et al.*,
  Plaintiff,

   v.           Currituck County
                No. 09 CVS 338
PARKER'S LANDING PROPERTY OWNERS
ASSOCIATION, INC., *et al.*,
  Defendants.


ALLEN TOBY HEDGEPETH, *et al.*,
  Plaintiff,

   v.           Currituck County
                No. 10 CVS 223
SHARON M. TAYLOR,
  Defendant.


ALLEN TOBY HEDGEPETH, *et al.*,
  Plaintiff,

   v.           Currituck County
                No. 10 CVS 225
MARION R. CRANK, JR., and wife
JENNIFER R. CRANK,
  Defendants.


BETTY P. LEWIS,
  Plaintiff,

   v.           Currituck County
                No. 10 CVS 275
ALLEN TOBY HEDGEPETH, *et al.*,
  Defendant.


MAXINE A. EASTON,
  Plaintiff,

   v.           Currituck County
                No. 10 CVS 288

ALLEN TOBY HEDGEPETH, *et al.*,
    Defendant.


ALLEN TOBY HEDGEPETH, *et al.*,
    Plaintiff,

       v.                     Currituck County
                              No. 10 CVS 362

WAYNE DERRELL CRANK, and wife
SANDRA R. CRANK,
    Defendants.


ALLEN TOBY HEDGEPETH, *et al.*,
    Plaintiff,

       v.                     Currituck County
                              No. 11 CVS 49

PARKER'S LANDING PROPERTY OWNERS
ASSOCIATION, INC.,
    Defendants.


ALLEN TOBY HEDGEPETH, *et al.*,
    Plaintiff,

       v.                     Currituck County
                              No. 11 CVS 54

GLADYS P. MIDGETTE,
    Defendant.


ALLEN TOBY HEDGEPETH, *et al.*,
    Plaintiff,

       v.                     Currituck County
                              No. 11 CVS 62

JODY E. MIDGETTE,
    Defendant.

Appeal by plaintiff Hedgepeth from order entered 19 December 2012 by Judge Marvin K. Blount, III in Currituck County Superior Court. Heard in the Court of Appeals 22 January 2014.

*Vandeventer Black LLP, by Norman W. Shearin and Ashley P. Holmes, for plaintiff-appellant Allen Toby Hedgepeth.*

*Thompson & Pureza, P.A., by C. Everett Thompson, II, and David R. Pureza, for defendant-appellees Parker's Landing Property Owners Association, Inc., Forrest E. Midgette, Jody E. Midgette, and Sunny's Partnership.*

*Ward and Smith, P.A., by Eric J. Remington, for defendant-appellee Betty P. Lewis.*

*Gregory E. Wills, P.C., by Gregory E. Wills, for defendant-appellee Sandra K. Parker.*

*Brumsey & Brumsey, PLLC, by William Brumsey, IV, for defendant-appellees Sharon M. Taylor, Marion R. Crank, Jr., Jennifer R. Crank, Wayne Derrell Crank, and Sandra R. Crank.*

*Dan L. Merrell and Glenn R. Weiser, for defendant-appellees Peter F. LoFaso and Kelly M. LoFaso.*

*Boxley, Bolton, Garber & Haywood, L.L.P., by Ronald H. Garber, for defendant-appellee Maxine A. Easton.*

STEELMAN, Judge.

The Parker's Landing Property Owners' Association, Inc. (POA) is bound by the ruling in a prior federal court order under the principle of *res judicata* as to the 25-foot easement that crosses a lot owned by POA. We reverse the ruling of the trial court on this specific issue. As to the other claims against POA, the principles of *res judicata* are not applicable, and we affirm the ruling of the trial court denying the motions

of Allen Toby Hedgepeth (Hedgepeth) for summary judgment. The federal court order does not constitute *res judicata* or collateral estoppel with respect to the claims against individual subdivision lot owners, and we affirm the ruling of the trial court denying Hedgepeth's motions for summary judgment. The appeals of issues not based upon *res judicata* or collateral estoppel are dismissed. Any appeals not based upon the denial of Hedgepeth's motions for summary judgment in cases 09 CVS 338, 10 CVS 275, or 10 CVS 288 are also dismissed.

## I. Factual and Procedural Background

The lands owned by the parties to the multiple lawsuits at issue in this appeal lie on a peninsula located in Currituck County and bounded on the east by Currituck Sound, and on the west by the North River. The peninsula runs in a generally north-south direction, and is bisected by U.S. Highway 158, which also runs in a generally north-south direction. Hedgepeth, as Trustee under the Allen Toby Hedgepeth Declaration of Trust dated 30 May 2011, owns a tract of land bounded on the east by Currituck Sound, and on the south and west by Parker's Landing Subdivision, as shown on an amended plat filed in Plat Cabinet E, pages 116 and 117, in the Currituck County Registry. (See Exhibit B attached to this opinion.) This subdivision lies

to the west and south of the Hedgepeth property, and to the east of U.S. Highway 158. The final plat states that all streets in the subdivision are private and maintained by POA.[1] The lots as shown on the amended plat run to the edge of a 50-foot road right-of-way.

Hedgepeth purchased the property at a foreclosure sale without procuring a title examination. He sought to develop the property, but was unable to do so without a 50-foot right-of-way leading from his property to U.S. Highway 158. These cases are the second round of litigation brought by Hedgepeth seeking to procure the necessary 50-foot right-of-way to U.S. Highway 158.

The first action was filed in 2007 in the United States District Court for the Eastern District of North Carolina, styled as *Allen Toby Hedgepeth, as Trustee under the Allen Toby Hedgepeth Declaration of Trust, dated 30 May 2001, plaintiff v. Parker's Landing Property Owners' Association, Inc., defendant*, case number 2:07-CV-55-F3. On 5 June 2009, Judge Fox entered an order in that case. That order characterized the case as follows:

> This is a purely state-law-based action in

---

[1] The final plat was recorded in Plat Cabinet D, pages 99 and 100, of the Currituck County Registry on 22 June 1989, prior to the recordation of the amended plat, which was recorded on 30 August 1993 and is attached to this opinion as Exhibit B.

which the plaintiff, Allen Toby Hedgepeth, Trustee under the Allen Toby Hedgepeth Declaration of Trust ("Hedgepeth"), seeks a declaratory judgment that he has a right of ingress and egress to his property by virtue of an easement across the defendant subdivision along a private road belonging to the defendant. Hedgepeth offers several theories under which his claim of an easement may be declared.

The order of the federal court held that Hedgepeth's theories of express easement, easement by necessity, and easement by equitable estoppel were all without merit. The substantive ruling of the federal court was as follows:

> Regardless of the angle from which this case is viewed, or with which party a shifting-burdens inquiry begins, Hedgepeth, who ultimately must prove he is entitled to judgment as a matter of law, unequivocally has demonstrated that he cannot do so insofar as he seeks declaration of an easement for use of Parker's Landing Drive to subdivide and develop the Hedgepeth tract.

> However, the court finds that no genuine issue of material fact exists, the resolution of which could result in Parker's Landing Drive being subject to an easement benefitting the Hedgepeth Tract as depicted on the Smith Heirs Plat, Map Book 2A, Page 119, Currituck Registry. Therefore, Hedgepeth's Motion for Summary Judgment [DE-21] is DENIED.

> However, the court concludes that the record demonstrates, and the defendant does not dispute, that an implied easement exists such that he has reasonable access to his

property over the 25-foot right-of-way (Doris Lane) as shown on the plat of the heirs of Capitolia [sic] Smith, Plat Book 2A, Page 119, Currituck County Registry. Therefore, it hereby is DECLARED that the Parker's Landing tract, as shown on the August 30, 1993, Amended Final Plat, *see* DE-21, Exhibit C, is subject to a 10-foot easement and a 25-foot right-of-way (Doris Lane) as shown on the plat of the heirs of Capitolla Smith, Plat Book 2A, Page 119, Currituck County Registry, the scope of which may not exceed that necessary to the farming or cultivation of the Hedgepeth tract, consistent with the use to which those paths were put when the common title to the two tracts was severed in 1894.

On 14 September 2009, Hedgepeth appealed Judge Fox's decision to the United States Court of Appeals for the Fourth Circuit. On 2 July 2010, the Fourth Circuit issued its opinion in that case, affirming Judge Fox's order. *Hedgepeth v. Parker's Landing Property Owners Ass'n*, 388 Fed.Appx. 242 (4th Cir. 2010) (unpublished).[2] Applying North Carolina law, the Fourth Circuit held that "the Final plat does not clearly show the intention to give an easement." *Id*. at 246 (citations and quotations omitted). Further, the Fourth Circuit held that Hedgepeth could present no evidence to support his argument that POA was precluded by quasi-estoppel from denying the existence

---

[2] This opinion was not selected for publication in the Federal Reporter. We note that while the record contains Hedgepeth's notice of appeal, it fails to include or reference the decision of the Fourth Circuit Court of Appeals in that matter.

of an easement over Parker's Landing Drive.  *Id*. at 247.  We also agree with the Fourth Circuit that Hedgepeth's "arguments lack some clarity[.]"  *Id*. at 245.

Neither of these easements runs along any of the Parker's Landing subdivision streets.  However, the 10-foot easement does cross Parker's Landing Drive, the principal street in the subdivision.

On 18 June 2009, Hedgepeth filed the complaint in case 09 CVS 338, Superior Court of Currituck County, against POA and Gladys P. Midgette (Midgette), an individual lot owner in the Parker's Landing Subdivision.  On 10 July 2009, Hedgepeth filed an amended complaint naming POA, Midgette, Pamela J. Bell, Forrest E. Midgette and wife Cynthia S. Midgette, Betty P. Lewis, Maxine A. Easton, Carl J. Kreigline and wife Barbara Lento Kreigline, Edward C. Konrad, Jr., and wife Nancy K. Konrad, Dale L. Kreigline and wife Marlena M. Kreigline, Robert W. Donoghue and wife Patricia A. Donoghue, Sandra P. Brinkley, and Sunny's Partnership as defendants.  The amended complaint alleged that a portion of Parker's Landing Drive overlaps with the south boundary of the Hedgepeth property, and that the true boundary lines are set forth in a deed recorded in Deed Book 71 at page 449 of the Currituck County Registry.  The complaint

also referenced the two easements discussed in the federal court order as shown in Map Book 2A, at page 119 of the Currituck County Registry. (See Exhibit A attached to this opinion.) Hedgepeth alleged that Parker's Landing Drive crosses one of the easements (the 10-foot easement) and "burdens and unreasonably interferes with Hedgepeth's said rights of use." The amended complaint sought a declaration from the trial court of the rights of the parties, to quiet title to Hedgepeth's property, and to enjoin defendants from interfering with Hedgepeth's right of access.

On 11 May 2010, Hedgepeth voluntarily dismissed his state law claims against Lewis and Easton, without prejudice. On 9 December 2010, Hedgepeth voluntarily dismissed his claim for boundary overlap, without prejudice. Also on 9 December 2010, Hedgepeth voluntarily dismissed the claims against Midgette, without prejudice.

On 10 May 2011, Hedgepeth filed complaints against Sharon M. Taylor (case 10 CVS 223), and Marian R. Crank, Jr., and wife Jennifer R. Crank (case 10 CVS 225), seeking a declaration of rights to the easements and for an injunction to prohibit defendants from interfering with his access.

On 5 June 2010, Betty Lewis filed a complaint against Hedgepeth (case 10 CVS 275), seeking an injunction prohibiting him from clearing a roadway across her property, and from trespassing on her property, and for a declaration that any easement had been terminated. On 16 May 2011, Hedgepeth filed an answer, denying the allegations of the complaint, and asserting numerous defenses. No counterclaims were filed.

On 11 June 2010, Maxine Easton filed a complaint against Hedgepeth (case 10 CVS 288), seeking the same relief sought by Lewis in her complaint. On 16 May 2011, Hedgepeth filed an answer and counterclaim to Easton's complaint, asserting that the Easton property overlapped the western boundary of the Hedgepeth property and requesting that the court determine the boundary between the two tracts.

On 23 July 2010, Hedgepeth filed a complaint against Wayne Derrell Crank and wife Sandra R. Crank (case 10 CVS 362), seeking the same relief as in case 10 CVS 225. On 2 February 2011, Hedgepeth filed a second complaint against POA (case 11 CVS 49), seeking the same relief as in the amended complaint in case 09 CVS 338, including a claim seeking resolution of a boundary dispute. On 2 February 2011, Hedgepeth also filed a complaint against Gladys P. Midgette (11 CVS 54), seeking the

same relief as in case 11 CVS 49, as to the 10-foot easement, and seeking exclusive rights of access. On 7 February 2011, Hedgepeth filed a complaint against Jody E. Midgette (case 11 CVS 62), seeking the same relief as in case 10 CVS 223, and also seeking a declaration of the location of the southern boundary of the Hedgepeth property.

On 14 June 2011, Hedgepeth filed a motion for leave to amend his complaint and a motion to certify a class, consisting of POA and the individual subdivision lot owners, in case 11 CVS 49. On 17 December 2012, a hearing was held on Hedgepeth's motion to certify a class. On 17 January 2013, the trial court entered an order denying Hedgepeth's motion to certify a class or to declare that POA represented its members. Hedgepeth appealed from the denial of this motion. That appeal is the case of *Hedgepeth v. Parker's Landing* (COA 13-809).

On 18 September 2012, Hedgepeth filed a motion in case 10 CVS 288 pursuant to Rule 19(a) of the North Carolina Rules of Civil Procedure to join Ronald E. Evans and wife Rebecca D. Evans, Sunny's Partnership, POA, Robert W. Donoghue and wife Patricia A. Donoghue, Sandra K. Parker, Betty P. Lewis and Midgette Development Enterprises, Inc., as necessary parties to case 10 CVS 288. On 18 September 2012, Hedgepeth also filed a

motion in case 10 CVS 275 pursuant to Rule 19(a) of the North Carolina Rules of Civil Procedure to join the Evanses, Sunny's Partnership, POA, the Donoghues, Sandra K. Parker, Maxine Easton and Midgette Development Enterprises, Inc., as necessary parties.

On 21 September 2012, Hedgepeth filed a motion for summary judgment in cases 09 CVS 338, 10 CVS 275, and 10 CVS 288. On 4 December 2012, Hedgepeth filed an amendment to the complaints in cases 10 CVS 223, 225 and 362, seeking to add Peter F. LoFaso and wife Kelly M. LoFaso as defendants.

On 19 December 2012, Judge Blount entered an order in all nine cases. This order contained the following rulings pertinent to this appeal: the motions to consolidate the cases for trial and other purposes were granted; by virtue of the consolidation of cases, Sandra Parker's motion to dismiss for failure to join necessary parties was rendered moot; Hedgepeth's motions to join necessary parties were denied; Hedgepeth's motions for summary judgment were also denied; defendants' motions to dismiss for failure to join necessary parties in cases 10 CVS 223, 225 and 362 were denied, and Hedgepeth was given thirty days to amend his complaints in those cases to include Peter and Kelly LoFaso.

Hedgepeth appeals.

## III. Issues Properly Before This Court on Appeal

As a preliminary matter, we must sort through the quagmire that the parties have thrown before this Court and determine what is properly before us on appeal. The chaos in this case is primarily due to Hedgepeth filing an initial complaint (09 CVS 338), then dismissing certain parties and claims, then having some of the dismissed parties file suit against Hedgepeth (10 CVS 275, 10 CVS 288), and then Hedgepeth refiling a previously dismissed claim against POA in a later suit (11 CVS 49). In addition, Hedgepeth has filed multiple motions to amend his pleadings, to add parties, and to certify a class. Finally, it appears that Hedgepeth's theory of the case has been constantly shifting over the three years that these cases have been before the trial court.

Hedgepeth only filed motions for summary judgment in three cases: *Hedgepeth v. POA*, case 09 CVS 338; *Lewis v. Hedgepeth*, case 10 CVS 275; and *Easton v. Hedgepeth*, case 10 CVS 288. In each of these cases, the summary judgment motion identifies the movant as "the Plaintiff, Allen Toby Hedgepeth as Trustee. . .", even though Hedgepeth is the defendant, and not the plaintiff, in both the *Lewis* and *Easton* cases. Even though a motion for

summary judgment was filed in only three of the nine cases before the trial court, the order of the court denied Hedgepeth's motion for summary judgment in those cases, and then added:

> Plaintiff's Motions for Summary Judgment in all other cases listed in the caption of this case also are DENIED to the extent they are based on the doctrines of res judicata or collateral estoppel, and any individual or entity that was not a named party in Case No. 2:07-CV-55-F3, which was filed in the United States District Court for the Eastern District of North Carolina, is not bound by the Order entered by the Honorable James C. Fox on June 5, 2009, in that case;

Finally, Hedgepeth's notice of appeal in these cases states that:

> Plaintiff Allen Toby Hedgepeth, as Trustee under the Allen Toby Hedgepeth Declaration of Trust, Dated May 30, 2011, pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure, hereby gives Notice of Appeal to the North Carolina Court of Appeals from the Order denying Plaintiff's Motion for Summary Judgment signed by the Honorable Marvin K. Blount, III on 17 December 2012, filed on 19 December 2012, and served on 25 January 2013 and attached hereto.

The notice of appeal is directed to the denial of "Plaintiff's Motion for Summary Judgment[,]" even though in two of the three cases in which a motion for summary judgment was filed, Hedgepeth was the defendant, and not the plaintiff.

After culling through the 534 pages of the record in these cases, 248 pages of Rule 9(d) supplement, and the voluminous Rule 9(b)(5) and Rule 11(c) supplements to the record, we are able to find only the three summary judgment motions filed by Hedgepeth in cases 09 CVS 338, 10 CVS 275, and 10 CVS 288. Since Hedgepeth's notice of appeal is directed only to the denial of Hedgepeth's motion for summary judgment, we limit our review to those three cases. In our discretion, we construe Hedgepeth's notice of appeal to encompass cases 10 CVS 275 and 10 CVS 288, even though Hedgepeth was a defendant and not a plaintiff in each of those cases.

As to any appeal by Hedgepeth in the remaining six cases captioned in this appeal, they are dismissed. *See Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., Inc.*, 362 N.C. 191, 195-96, 657 S.E.2d 361, 364 (2008) (holding that "a party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal").

## IV. Substantial Right

> The denial of summary judgment is not a final judgment, but rather is interlocutory in nature. We do not review interlocutory orders as a matter of course. If, however, the trial court's decision deprives the appellant of a substantial right which would

be lost absent immediate review[,] we may review the appeal.... The moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party. Whether a substantial right is affected is determined on a case-by-case basis.

*Barfield v. N.C. Dep't of Crime Control & Pub. Safety*, 202 N.C. App. 114, 117, 688 S.E.2d 467, 469 (2010) (citations and quotations omitted).

Under the doctrine of *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them. Thus, a motion for summary judgment based on *res judicata* is directed at preventing the possibility that a successful defendant, or one in privity with that defendant, will twice have to defend against the same claim by the same plaintiff, or one in privity with that plaintiff. Denial of the motion could lead to a second trial in frustration of the underlying principles of the doctrine of *res judicata*. Therefore, we hold that the denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right, making the order immediately appealable.

*Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993) (citations omitted).

Like *res judicata,* collateral estoppel (issue preclusion) is designed to prevent repetitious lawsuits over matters which have

once been decided and which have remained substantially static, factually and legally. Under collateral estoppel, parties are precluded from retrying fully litigated issues that were decided in any prior determination, even where the claims asserted are not the same. The denial of summary judgment based on collateral estoppel, like *res judicata,* may expose a successful defendant to repetitious and unnecessary lawsuits. Accordingly, we hold that the denial of a motion for summary judgment based on the defense of collateral estoppel may affect a substantial right, and that defendants' appeal, although interlocutory, is properly before us.

*McCallum v. N.C. Coop. Extension Serv.*, 142 N.C. App. 48, 51, 542 S.E.2d 227, 231 (2001) (citations and quotations omitted).

Because Hedgepeth's motions for summary judgment were based upon *res judicata* or collateral estoppel, we hold that, on these facts, the denial of these motions affected a substantial right, and that they are properly before us on appeal. Any other matters not arising from that ruling, however, are interlocutory, and will not be reviewed by this Court.

## V. Standard of Review

"Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citation omitted). "For *res judicata* to apply, a party must show that the previous suit

resulted in a final judgment on the merits, that the same cause of action is involved, and that both the party asserting *res judicata* and the party against whom *res judicata* is asserted were either parties or stand in privity with parties." *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 413-14, 474 S.E.2d 127, 128 (1996) (quotation omitted). "The doctrine prevents the relitigation of all matters ... that were or should have been adjudicated in the prior action." *Whitacre P'ship*, 358 N.C. at 15, 591 S.E.2d at 880 (quotation omitted).

Under the doctrine of collateral estoppel, or issue preclusion, "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Frinzi*, 344 N.C. at 414, 474 S.E.2d at 128. A party asserting collateral estoppel is required to show that "the earlier suit resulted in a final judgment on the merits, that the issue in question was identical to an issue actually litigated and necessary to the judgment, and that both the party asserting collateral estoppel and the party against whom collateral estoppel is asserted were either parties to the earlier suit or were in privity with parties." *Id*. at 414, 474 S.E.2d at 128-29.

*Williams v. Peabody*, ___ N.C. App. ___, ___, 719 S.E.2d 88, 92-93 (2011).

[A]n issue is actually litigated, for purposes of collateral estoppel or issue preclusion, if it is properly raised in the pleadings or otherwise submitted for determination and [is] in fact determined. A very close examination of matters actually

litigated must be made in order to determine if the underlying issues are in fact identical[;] [i]f they are not identical, then the doctrine of collateral estoppel does not apply.

*Id.* at ___, 719 S.E.2d at 93 (citations and quotations omitted).

The plea of *res adjudicata* [sic] applies, ... not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation and which the parties, exercising reasonable diligence, might have brought forward at the time and determined respecting it.

*Id.* at ___, 719 S.E.2d at 94. (quoting *Edwards v. Edwards,* 118 N.C. App. 464, 472, 456 S.E.2d 126, 131 (1995)).

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

## IV. *Res Judicata* and Collateral Estoppel

Hedgepeth contends that POA, Lewis and Easton are bound by the federal court order under the doctrines of *res judicata* and

collateral estoppel as to the 25-foot easement and the 10-foot easement found by the federal court.

We first note that, pursuant to *Williams v. Peabody*, our review for *res judicata* and collateral estoppel is based upon the federal court order, and upon the pleadings and complaint in that action. In his complaint, Hedgepeth asserted that he was entitled to the use of the subdivision roads in Parker's Landing Subdivision to access his property. Because the federal court order adjudicated more legal theories than were asserted in Hedgepeth's complaint, we look primarily to that order.

The federal court order stated that Hedgepeth's complaint in that court "[sought] judicial declaration of an easement benefitting the Hedgepeth Tract across the Parker's Landing tract via Parker's Landing Drive." As a preliminary matter, we hold that the sole issue actually litigated before the United States District Court for the Eastern District of North Carolina was the existence and location of any easements that crossed the Parker's Landing Subdivision property, providing access to a public road for the Hedgepeth Tract.

## B. The Property Owners Association

In his first argument, Hedgepeth contends that POA is estopped by the federal court order to relitigate the existence

and location of the 25-foot and 10-foot easements found by the federal court. We agree in part and disagree in part.

It is clear from the federal court order that Hedgepeth was denied the right to use Parker's Landing Drive to access the Hedgepeth tract under a number of different theories. It is also abundantly clear that the federal court held that Hedgepeth had a very limited right to use two easements shown on a plat recorded in Plat Book 2A, page 119 of the Currituck County Registry. The federal court order recited that POA did not dispute these easements before Judge Fox. However, neither of these easements runs along or with the principal subdivision street, Parker's Landing Drive. The 25-foot easement (Doris Lane) runs along the northern boundary of the Parker's Landing Subdivision, to the westernmost corner of the Hedgepeth tract.[3] The 10-foot easement runs in a southerly direction from the southernmost corner of the Hedgepeth tract across the eastern portion of the Parker's Landing Subdivision tract.

Hedgepeth's amended complaint against POA in case 09 CVS 338, filed 18 June 2009, requested

---

[3] It is not clear from the record whether the actual roadway runs over the Parker's Landing Subdivision property or upon the adjoining tract to the north. The Capitolla Smith plat shows it to be entirely on what is now the Parker's Landing Subdivision property. (See Exhibit A attached to this opinion.)

> the Court to declare the rights of the parties under the Plats, Declaration, deeds and the Order and Judgment, to quiet title to the Parker Tract and his rights of access in and to the Parker Tract over the Historical Easements, and enjoin the Defendants from interfering with those said rights, and for such other and further relief as the Court may deem appropriate.

Similarly, in his complaint in case 11 CVS 49, filed 2 February 2011, Hedgepeth requested

> the Court to declare the rights of the parties under the Amended Plat, Declaration, and the deeds, to quiet title to the Parker Tract, determine the true boundary between the Parker Tract and the lands of the POA, and enjoin the POA from interfering with those said rights, and for such other and further relief as the Court may deem appropriate.[4]

With respect to POA, in cases 09 CVS 338 and 11 CVS 49, Hedgepeth has asserted the following claims: (1) for a determination of the boundary between the Parker's Landing Subdivision tract and the Hedgepeth tract; (2) to enforce Hedgepeth's right of access in and to the Hedgepeth tract; and (3) to enjoin POA from interfering with his right of access. Neither of these two complaints expressly refer to the existence or the location of the two easements that were ruled upon by the

---

[4] In these complaints, Hedgepeth refers to the Hedgepeth tract as the "Parker Tract." To avoid confusion, this opinion consistently refers to this tract, containing approximately 21.765 acres, as the Hedgepeth tract.

federal court. As a preliminary matter, we hold that only those portions of Hedgepeth's complaint concerning the two easements found by the federal court could possibly be the subject of *res judicata* based upon the federal court order.

Neither the 25-foot easement nor the 10-foot easement runs along a common boundary of the Parker's Landing Subdivision tract and the Hedgepeth tract. Therefore, the easements adjudicated by the federal court cannot be determinative of Hedgepeth's boundary claims in 11 CVS 49.[5] In fact, it is clear from the complaint in 11 CVS 49 that the boundary dispute concerns a portion of Parker's Landing Drive in the eastern portion of the subdivision where it abuts the southern boundary of the Hedgepeth tract. "For *res judicata* to apply, a party must show that . . . the same cause of action is involved[.]" *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 413–14, 474 S.E.2d 127, 128 (1996) (quotation omitted). Since the federal court order expressly held that Hedgepeth had no right of access over Parker's Landing Drive, it cannot control the boundary dispute based upon *res judicata* as to Parker's Landing Drive.

Next, as to the second claim by Hedgepeth to enforce his right of access, we again note that the extent of the federal

---

[5] Hedgepeth's boundary claim in 09 CVS 338 had previously been voluntarily dismissed.

court order was to declare that Hedgepeth had limited rights of access over the 25-foot easement and the 10-foot easement. The amended plat of Parker's Landing Subdivision filed in Plat Cabinet E, pages 116 and 117 (see Exhibit B attached to this opinion), shows that POA was the owner of a lot along the northern boundary of the Parker's Landing Subdivision tract. The 25-foot easement declared in the federal court order does run across the northern boundary of that lot. Because the parties are the same, the issue was the same, and Judge Fox's order constituted a final ruling on the merits, the legal theory of *res judicata* is implicated. Under *res judicata*, as discussed above, Hedgepeth has a 25-foot right of way over the property of POA as shown on the above-referenced plat.

Finally, as to the third claim by Hedgepeth to enjoin POA from interfering with his rights of access, this deals solely with the fact that Parker's Landing Drive crosses the 10-foot easement just below the southern corner of the Hedgepeth tract. Paragraph 35 of Hedgepeth's amended complaint states:

> Parker's Landing Drive crosses one of the Historical Easements. Unfettered access on Parker's Landing Drive across one of the Historical Easements has been granted to every lot owner in Parker's Landing. As a result, Parker's Landing Drive as shown on the Amended Plat crosses, burdens and unreasonably interferes with Hedgepeth's

said rights of access.

Hedgepeth's assertion that the lot owners' use of Parker's Landing Drive "burdens and unreasonably interferes" with his access to the 10-foot easement is effectively an assertion that the federal court ruling gives him exclusive rights to the 10-foot easement, and that the lot owners in Parker's Landing cannot use Parker's Landing Drive to cross it. This is an absurd claim. The federal court order did not grant any sort of exclusive rights to Hedgepeth to use the 10-foot easement. In fact, the right to use the easement was sharply restricted as follows:

> . . . the scope of which may not exceed that necessary to the farming or cultivation of the Hedgepeth tract, consistent with the use to which those paths were put when the common title to the two tracts was severed in 1894.

We further note that the owner of the servient tract of land (in this case, POA) may use the land how he pleases, provided that he does not interfere with the dominant tract's use of the easement. *See* Webster's Real Estate Law in North Carolina, § 15.23 (Patrick K. Hetrick and James B. McLaughlin eds., 6th ed. 2013). Since the ruling of the federal court did not deal with the issue of exclusivity, it does not constitute *res judicata* as to the rights of Hedgepeth to use the 10-foot

easement to the exclusion of those having rights to use Parker's Landing Drive.

Thus, with the exception of the 25-foot easement where it crosses the lot owned by POA, *res judicata* is not applicable to the claims brought by Hedgepeth against POA.

This argument is without merit.

### C. The Individual Lot Owners

In his remaining arguments, Hedgepeth contends that the various individual lot owners[6] whose property is impacted by the 25-foot easement or the 10-foot easement declared in the federal court order are estopped from relitigating the existence of the historical easements.  We disagree.

The federal court action was between only two parties, Hedgepeth and POA.  Hedgepeth contends nonetheless that the interests of the individual lot owners were adequately represented by POA before the federal court.  As stated above, for the doctrines of *res judicata* and collateral estoppel to be applicable, parties must either have been parties to the

---

[6] We note that two parcels that abut the 25-foot right of way from the south are not part of the Parker's Landing Subdivision. See Exhibit B attached to this opinion.  The owner of these tracts, Sandra P. Brinkley (referred to by Hedgepeth as Sandra Parker), is one of the defendants named in Hedgepeth's amended complaint in case 09 CVS 338.

original suit, or have been in privity with those parties. *Williams*, ___ N.C. App. at ___, 719 S.E.2d at 92-93.

Hedgepeth contends that the individual lot owners were in privity with POA, arguing that POA represented their interests. Hedgepeth claims that individual lot owners were notified of the litigation, and that they had the opportunity to participate; Hedgepeth further contends that they were not only represented by POA, but that they actively participated in the litigation.

We are not persuaded by Hedgepeth's arguments.  We have previously held that:

> We believe that a dispute as to the extinguishment of a subdivision easement by abandonment or adverse possession cannot be resolved without the joinder of the grantor, or his heirs, who retain fee title to the soil, and the record owners of lots in the subdivision, who have user rights in the easement. Those owners of interests in the easement have a material interest in the subject matter of the controversy, and their interest will be directly affected by the court's decision. Furthermore, proof of abandonment by one lot owner, or proof of possession adverse to one lot owner for the prescribed statutory period, does not extinguish an easement dedicated per plat and expressly granted to owners of lots in a subdivision.

*Rice v. Randolph*, 96 N.C. App. 112, 114, 384 S.E.2d 295, 297 (1989) (citations omitted).

Pursuant to Rule 19(a)(1) of the Federal Rules of Civil Procedure:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

F.R. Civ. P. 19(a)(1). "A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void." *Rice*, 96 N.C. App. at 113, 384 S.E.2d at 297.

It is clear that when real estate claims are adjudicated, in order for the owners of property affected by the easement to be bound by a judicial decision, they must be made parties to the litigation. In the federal court action, none of the individual lot owners were made a party to the proceeding,

presumably because Hedgepeth's objective was to affirm the right to use the 50-foot right of way of Parker's Landing Drive. When the focus of the federal proceeding shifted to the 25-foot and 10-foot easements, the owners of the properties over which these easements run were required to be added as parties before they could be bound by the federal judgment.

This argument is without merit.

## V. Other Arguments

Hedgepeth raises other arguments on appeal. However, those arguments address the substance of the case before the trial court, and are interlocutory. As we have held that the trial court did not err in denying Hedgepeth's motion for summary judgment, these issues are not properly before us on appeal.

## VI. Conclusion

We hold that the federal court order is *res judicata* with respect to the portion of the 25-foot easement that crosses the lot owned by POA on the northern boundary of the subdivision property. To this extent, the order of the trial court is reversed, and this matter is remanded for entry of an order granting Hedgepeth's motion for summary judgment. With respect to the other claims of Hedgepeth against POA, the federal court order does not constitute *res judicata*, and we affirm the ruling

of the trial court. With respect to Hedgepeth's claims against individual lot owners based upon *res judicata* and collateral estoppel in cases 09 CVS 338, 10 CVS 275, and 10 CVS 288, we affirm the ruling of the trial court denying Hedgepeth's motion for summary judgment. We dismiss Hedgepeth's appeal as to any other issues not based upon *res judicata* or collateral estoppel in cases 09 CVS 338, 10 CVS 275, and 10 CVS 288. Any appeals of Hedgepeth not arising from the denial of his motions for summary judgment in cases 09 CVS 338, 10 CVS 275, or 10 CVS 288 are also dismissed.

AFFIRMED IN PART, REVERSED IN PART, AND DISMISSED IN PART.

Judges STEPHENS and DAVIS concur.

-219-



Exhibit A: Capitolla Smith Heirs Map

Exhibit B: Amended Plat of Parker's Landing Subdivision